# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

GEORGE ROSS, Appellant, *v.* ELIZABETH M. KERNAN, Respondent.

*Landlord and tenant — attornment of a tenant to one who has acquired the landlord's title, upon a sheriff's sale under an execution and a warrant of dispossession in summary proceedings based thereon — effect of a subsequent reversal of the judgment on which the summary proceedings were based — right of the tenant to deny his lessor's title.*

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover rent alleged to be due to the plaintiff under a lease of certain premises given by him to the defendant. The defense was that the plaintiff had no title to the premises or right to lease the same.

The court at General Term said: "The defendant is placed in a perplexing position. She took a lease of premises in Kings county, from one B. M. Stillwell. While her lease was running she was dispossessed, or rather a warrant to dispossess was issued, under the statute t osummarily recover possession of lands, to remove her from the lands. She took a lease under these circumstances from the plaintiff, who had obtained the warrant to dispossess. It appears now that one Jacob Carpenter obtained a judgment against Charlotte Stillwell, and sold the lands in question. Carpenter bought them in, and sold his bid to plaintiff, and plaintiff had instituted the proceedings based on the sheriff's deed. The defendant's deed from Ross was for six months. She paid him five months' rent, and before she had paid the six months' rent the judgment to dispossess was reversed by the proper appellate court as being against law and evidence. It now also appears that the sheriff's deed is

void, as the execution was issued after the death of Charlotte Stillwell. After the reversal the defendant again attorned to B. M. Stillwell, his original landlord. The plaintiff claims the balance of rent under the lease, and for the subsequent occupation as one continued under him by the holding over of the defendant after the expiration of her lease from plaintiff.

" The attornment by defendant to plaintiff was illegal. Although it was done under an apparent judgment, yet when that was reversed the case stands just as if there never had been a judgment. (*Hayden* v. *Florence Sewing Machine Co.*, 54 N. Y., 221; *Eten* v. *Luyster*, 60 N. Y., 252.) There being no judgment, the rule that a tenant cannot deny the landlord's title protects the old landlord from the effect of the attornment to plaintiff. The case of *Dawley* v. *Brown* (79 N. Y., 390) is not an authority against this conclusion. In that case it was held that when a defendant was dispossessed of lands and had attorned to the plaintiff, a deed given to the plaintiff while he was then in possession, by one Culver, was good under our statutes against champerty, notwithstanding the proceedings were subsequently set aside and the defendant put back in possession. That the defendant was not in adverse possession before the proceedings were annulled by relation back of his reinstatement in possession.

" The tenant is only estopped from denying what she has admitted. (*Despard* v. *Walbridge*, 15 N. Y., 374.)

" The judgment is reversed, and what has she now to oppose to the old landlord? The judgment does not estop him or her; both can sue for whatever was done under it. (2 R. S., 516, § 49.) The rents received by plaintiff, collected under the attornment under this section, can be recovered by B. M. Stillwell. If the plaintiff cannot hold the rent from Stillwell when collected, he cannot recover of the defendant for paying it directly to him.

" The judgment should be affirmed with costs."

*M. M. Silliman*, for the appellant.

*Wm. L. Whiting*, for the respondent.

Opinion by BARNARD, P. J.; PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.